**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABELARDO M.-G.,

Petitioner,

v.

DAVID EASTERWOOD, *Acting Director of St. Paul Field Office, U.S. Immigrations and Customs Enforcement*; DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of the U.S. Department of Homeland Security*; and MIKE STASKO, *Warden of the Freeborn Adult Detention Center*,

Respondents.

Case No. 26-cv-4317 (LMP/SGE)

**ORDER GRANTING HABEAS PETITION**

---

Stephen A. Pegnam, **Law Offices of Stephen A. Lagana, Lawrence, MA**; and Nico Ratkowski, **Ratkowski Law PLLC, St. Paul, MN**, for Petitioner.

Derek Ganzhorn, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

On October 6, 2026, Petitioner Abelardo M.-G.[2] brought this petition for a writ of habeas corpus, challenging the legality of his arrest and detention. ECF No. 1. For the

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Mike Stasko of Freeborn County has not participated in these proceedings.

[2] The Court uses the Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

following reasons, the petition is granted, and the Court orders the Government to provide Abelardo a bond hearing.

## BACKGROUND

Abelardo is a native and citizen of Mexico who entered the United States in 2020 and has lived in Minnesota since his arrival. ECF No. 1 ¶¶ 1–4. He has been continuously employed as a roofer. *Id.* ¶ 6. On the morning of July 9, 2026, Immigration and Customs Enforcement ("ICE") officers encountered Abelardo in a vehicle and arrested him. *See Abelardo M.-G. v. Easterwood*, No. 26-cv-3479 (LMP/SGE), 2026 WL 2531525, at *1 (D. Minn. Aug. 27, 2026). The Government subsequently detained him without providing a bond hearing. *Id.* Abelardo brought a habeas petition on August 3, 2026, alleging in part that ICE unlawfully arrested him because there was no warrant for his arrest and ICE could not justify his warrantless arrest under 8 U.S.C. § 1357(a)(2). *Id.* at *1–2. The Court agreed, granted Abelardo's petition, and ordered his release by August 28, 2026. *Id.* at *4.

The Government complied with the Court's order and released Abelardo on August 28, 2026. *See Abelardo M.-G.*, 2026 WL 2969690, at *1 (Oct. 2, 2026). The Government released Abelardo on an order of recognizance and required him to appear at a check-in on October 1, 2026. *Id.*; *see also* ECF No. 1 ¶ 11; ECF No. 9-2. Abelardo appeared at that check-in at "approximately 9:16 a.m." ECF No. 1 ¶ 13. At 9:30 a.m., the Government issued an I-200 warrant for Abelardo's arrest, ECF No. 12-2, and arrested Abelardo shortly thereafter, ECF No. 12-1 at 2. He has remained in ICE custody since his arrest. The Government argues that Abelardo is subject to mandatory detention under

8 U.S.C. § 1225(b)(2), ECF No. 11 at 3, and did not provide Abelardo a bond hearing as a result. ECF No. 1 ¶ 38.

Abelardo brought this habeas petition on October 6, 2026. ECF No. 1. Abelardo alleges five claims for relief. Counts 1, 2, and 5 allege that Abelardo was unlawfully re-arrested without a warrant. *See* ECF No. 1 ¶¶ 53–60, 71–74.[3] Count 3 alleges that Abelardo's current detention without a bond hearing violates his due process rights under the Fifth Amendment. *Id.* ¶¶ 61–67. And Count 4 alleges that the Government has erroneously classified Abelardo as subject to mandatory detention under Section 1225(b)(2), because it has acknowledged that he is subject to discretionary detention under Section 1226(a) and released him with conditions. *Id.* ¶¶ 68–70.

The Court ordered the Government to respond to the petition by October 14, 2026, with any reply from Abelardo due by October 21, 2026. ECF No. 5. Both the Government and Abelardo (after seeking extensions) timely provided that briefing. ECF Nos. 11, 13, 15, 17.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held

---

[3] Abelardo previously sought relief on these grounds by filing a motion to enforce the Court's order granting his first habeas petition. *See Abelardo*, 2026 WL 2969690, at *1. The Court denied the motion and informed Abelardo that he was free to bring a new habeas petition alleging any new claims challenging his second arrest and subsequent detention. *Id.* at *2. Abelardo did so. That case was initially assigned to United States District Judge Nancy E. Brasel and then reassigned to this Court. ECF No. 8.

'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

After the Government responded, ECF No. 11, and provided exhibits, ECF No. 12, Abelardo appropriately conceded that his warrantless arrest claim is foreclosed by the Government's issuance of an I-200 warrant before his arrest. ECF No. 17 at 2, 6. Abelardo focuses now on his due process and erroneous classification claims. *Id.* at 2–7. The Court agrees that Abelardo's due process rights were violated and grants his petition.

This Court has concluded that noncitizens who enter this country and develop "substantial connections within the United States" have a procedural due process right to a bond hearing. *Jesus Alejandro G. A. v. Blanche*, No. 26-cv-1932 (LMP/ECW), 2026 WL 1383138, at *5–12 (D. Minn. May 18, 2026), *vacated on other grounds*, ECF No. 21 (May 21, 2026)); *see also Anthony Javier R. M. v. Blanche,* No. 26-cv-2283 (LMP/DLM), 2026 WL 1506306, at *3–7 (D. Minn. May 29, 2026); *Abdifatah M. A. v. Blanche*, No. 26-cv-3475 (LMP/DLM), 2026 WL 2410402, at *2 (D. Minn. Aug. 18, 2026).

Abelardo is similarly situated to the petitioners in these cases. First, Abelardo has lived in the United States for more than five years, ECF No. 1 ¶ 6, far longer than the petitioners in *Jesus Alejandro G. A.* (24 months), *Anthony Javier R. M.* (41 months), and *Abdifatah M. A.* (37 months). Abelardo has therefore acquired a "protected interest" in his "continued liberty." *Anthony Javier R. M.*, 2026 WL 1506306, at *8 (citation modified). And Abelardo has been gainfully employed as a roofer with no known criminal history,

ECF No. 12-1 at 2, which underscores the substantial connections he has with the United States, *see Felipe S. P. v. Blanche*, No. 26-cv-2212 (NEB/DJF), 2026 WL 1911656, at *7 (D. Minn. July 2, 2026); *Jesus Alejandro G. A.*, 2026 WL 1383138, at *1, 11. On balance, Abelardo's five-year residence in the United States, weighed against the limited burden the Government will face in giving Abelardo a bond hearing, favor granting him one. *Id.* at *12.

The Government does not contest any of this, offering no response to Abelardo's due process claim other than stating that Abelardo is subject to mandatory detention under Section 1225(b)(2). ECF No. 11 at 3. But Abelardo does not argue for a bond hearing under Section 1225(b)(1). Abelardo argues that the Due Process Clause requires that he be given an opportunity to establish the appropriateness of his release on bond before an immigration judge while removal proceedings go forward. ECF No. 17 at 2. The Court, as explained in its previous orders, agrees.

Three final matters. First, Abelardo claims that the Government has unlawfully classified him for mandatory detention under Section 1225(b)(2) because it has previously classified him for detention under Section 1226(a). ECF No. 17 at 4–5. The Court need not address that issue because the remedy would be to classify him for detention under Section 1226(a), in which case he would be given the same relief the Court orders here: a bond hearing. *See Souleimane C. v. Blanche*, No. 26-cv-2215 (LMP/JFD), 2026 WL 1180075, at *4 (D. Minn. Apr. 30, 2026). Second, Abelardo requests that the Court order his release as a remedy. ECF No. 17 at 6. But because his arrest was lawful, the Court declines that request. *See Milton A. v. Brott*, No. 26-cv-2580 (SRN/EMB), 2026 WL

1493709, at *4 (D. Minn. May 28, 2026) (collecting similar cases and concluding that "the appropriate remedy is an individualized bond hearing"). And third, Abelardo filed a motion to proceed under a pseudonym and a request that "any information that could lead to" his identification be filed under seal. ECF No. 10. But there is a strong presumption against the use of a pseudonym in litigation. *See Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024). Even so, the Court realizes the sensitive nature of immigration habeas petitions. Accordingly, this District has adopted a policy in cases like Abelardo's in which the Court and the parties only use a petitioner's first name, and filed documents are already subject to certain access and privacy limitations by Federal Rule of Civil Procedure 5.2(c).[4] The Court does not find that any additional protection is necessary.

Accordingly, the Court grants Abelardo's habeas petition insofar as he seeks an individualized bond hearing and orders the Government to provide Abelardo such a bond hearing before an immigration judge. *See* 8 C.F.R. § 1003.19(a) (allowing for review of custody and bond determinations by an immigration judge).

---

[4] Rule 5.2(c) provides that "in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention," non-parties "may have electronic access to the full record at the courthouse" but may only have remote electronic access to the docket and the Court's orders. The purpose of the rule is to limit "remote electronic access to the case file in immigration cases." *Han v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 4:24-cv-3049, 2024 WL 2115518, at *2 (D. Neb. May 10, 2024).

# ORDER

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Abelardo M.-G.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

1. Abelardo M.-G.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

2. Abelardo M.-G.'s Motion To Proceed Under Pseudonym (ECF No. 10) is **DENIED**.

3. The Government is **ORDERED** to provide Abelardo M.-G. with a bond hearing consistent with 8 C.F.R. § 1003.19(d) no later than 5:00 p.m. on **November 17, 2026**. This deadline may be waived by Abelardo's consent.

4. The Government is **ORDERED** to file a status report certifying its compliance with this Order no later than 5:00 p.m. on **November 18, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 10, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge